UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| GWENDOLYN PAMPHILE | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-0832-B |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss. Doc. 8. For the reasons that follow, the Court **DENIES** Defendant's motion.

## I.

## BACKGROUND

This case arises from an insurance policy dispute. Plaintiff Gwendolyn Pamphile (Pamphile) purchased a year-long homeowner's insurance policy (the Policy) from Defendant Allstate Texas Lloyds (Allstate) in November 2015. Doc. 1-1, Pl.'s Compl., ¶ 7. On May 27, 2016, a severe hail storm damaged Pamphile's home. *Id.* ¶ 11. She filed a claim later that day. *Id.* Allstate assigned an adjuster to evaluate the damage and issued Pamphile a check to cover the cost of repairs based on the adjuster's investigation. *Id.* ¶¶ 11, 13. Unsatisfied with the amount, Pamphile submitted a proof of loss (POL) form with her own repair estimate on February 22, 2017. *Id.* ¶ 17.[1] One day later,

---

[1] The parties dispute when and whether Pamphile submitted her POL. *Compare* Doc. 1-1, Pl.'s Compl., ¶ 17, *with* Doc. 8, Def's Mot. to Dismiss, 4. Because Pamphile is the non-moving party, "[t]he Court accepts all [of her] well-pleaded facts as true, [and] view[s] them in a light most favorable to

-1-

Pamphile filed this suit in the 68th District Court of Dallas County, Texas, claiming that Allstate underpaid her claim. *Id.* ¶¶ 12, 16. Allstate removed this action to federal court and filed a motion to dismiss for failing to state a claim and for lack of subject matter jurisdiction. Doc. 103. Allstate's motion is now ripe for review.

## II.

## LEGAL STANDARDS

A.   *Federal Rule of Civil Procedure 12(b)(1)*[2]

Article III of the Constitution limits federal-court jurisdiction to cases and controversies. U.S. Const. art. III, § 2. For that reason, federal courts can adjudicate claims only when subject matter jurisdiction is expressly conferred by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where a court lacks the constitutional power to adjudicate a case, it must dismiss it for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party invoking federal jurisdiction, not the party moving for dismissal, bears the burden of establishing subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

A federal court may exercise jurisdiction over an actual controversy, but not premature or speculative issues. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). An actual controversy exists

---

[her]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Therefore, the Court accepts as true Pamphile's allegation that she filed her POL on February 22, 2017.

[2] "When matters outside of the pleadings are presented to, and not excluded by the Court, the Court must convert a motion to dismiss into one for summary judgment under Rule 56." *Berger v. Nat'l Flood Ins. Program*, No. 12-2158, 2013 WL 499310, at *3 (E.D. La. Feb. 7, 2013). The Court need not do so in this case because the Court is not considering any disputed facts outside of the pleadings; Allstate's subject matter jurisdiction attack is facial, not factual. *See generally Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

where "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986) (internal alteration omitted). A case is ripe for adjudication if all remaining questions are legal and further factual development is unnecessary. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 833 F.2d 583, 587 (5th Cir.1987). A claim is not ripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted).

B.  *Federal Rule of Civil Procedure 12(b)(6)*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

Allstate argues that the Court should dismiss Pamphile's complaint for lack of subject matter jurisdiction, or in the alterative, for failing to state a claim, because her suit is not ripe. Doc. 8, Def.'s Mot. to Dismiss, 1–2. According to Allstate, Pamphile's suit is not ripe because she failed to satisfy a condition precedent for filing suit. *Id.* The Policy requires Pamphile to wait ninety-one days after Allstate receives her POL to commence a suit against Allstate.[3] Allstate alleges that Pamphile's case should be dismissed because she filed suit just one day after submitting her POL. *Id.* Pamphile recognizes that she did not wait ninety-one days to file suit after sending her POL to Allstate, *see* Doc. 1-1, Pl.'s Compl., ¶ 17, but argues that she substantially complied with purpose of the POL

---

[3] The relevant portion of the policy states:

**Suit Against Us**
No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought . . . unless:

a) there has been full compliance with all policy terms; and

b) the action is commenced within two years and one day from the date the cause of action first accrues; and

c) In the event that you and we fail to agree on the amount of loss claimed by you, unless you have previously provided to us a signed sworn proof of loss, it is a condition under this **Suit Against Us** provision that no later than 91 days prior to commencing any action against us that we receive from you a signed sworn proof of loss. Doc. 9, App. to Def.'s Mot. to Dismiss, 12.

-4-

provision, which is all that she is required to do under Texas law. Doc. 11, Pl.'s Resp., 5.

In Texas, an insured is only bound to a POL notice requirement if the insurance company demonstrates that it was prejudiced from the insured's failure to comply. *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 634–35 (Tex. 2008); *see also Blanton v. Vesta Lloyds Ins. Co.*, 185 S.W.3d 607, 611 (Tex. App. —Dallas 2006, no pet. ) ("The insured's failure to notify the insurer does not absolve the insurer from the underlying judgment unless the lack of notice prejudices the insurer."). The Texas Supreme Court adopted this notice-prejudice rule because "conditions are not favored in the law" and "timely notice provision[s] [are] not an essential part of the bargained-for exchange." *PAJ*, 243 S.W.3d at 636. An insured who violates a POL notice requirement need only make "a showing of substantial compliance with the provision . . . to avoid the consequences of failure to strictly comply with the policy provision." *Hanover Ins. Co. of N.Y. v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.).

For an insurance company to show prejudice, it must show that an inured's faulty notice offended one of the notice requirement's purposes. *Blanton*, 185 S.W.3d at 611–12.

> The purpose of requiring written notice and proof of loss within ninety-one days is to enable the insurer to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise.

*Hanover Ins. Co. of N.Y.*, 532 S.W.2d at 137–38. In other words, "prejudice from failure to notify timely arises from inability to investigate the circumstances of an occurrence to prepare adequately to adjust or defend any claims, not merely to prepare for trial." *Blanton*, 185 S.W.3d at 615. But an insurance company does not suffer prejudice just because it cannot investigate and evaluate the claim according to its normal procedure; "[t]he insurer must show it was prejudiced in some tangible way."

*Hamilton Props. v. Am. Ins. Co.*, No. 3:12-CV-5046-B, 2014 WL 3055801, at *9 (N.D. Tex. July 7, 2014) (internal quotation marks and citation omitted) *aff'd*, 643 F. App'x 437 (5th Cir. 2016).

Allstate has not articulated how it was prejudiced by Pamphile's rush to the courthouse, nor could it—Allstate had ample time and opportunity to investigate the damages and prepare an offer. Doc. 1-1, Pl.'s Compl., ¶ 13. Furthermore, by filing suit a day after submitting her POL, Pamphile actually ensured that "the occurrence [was more] fresh in the minds of [any] witnesses" than it would have been had Pamphile waited ninety more days. *Hanover Ins. Co. of N.Y.*, 532 S.W.2d at 138. In reality "[a]ll that Allstate lost out on was its expectation of a head-start to litigation via a [POL]. This . . . cannot establish prejudice for Allstate." *Polen v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-00842, 2017 WL 661836, *3 (E.D. Tex. Feb. 17, 2017). In sum, Pamphile's failure to comply with the POL provision in no way prejudiced Allstate.

Additionally, the Court concludes that Pamphile substantially complied with the POL provision even though she filed suit prematurely. The POL provision requires much more than adherence to the ninety-one-day rule. Indeed, pursuant to the POL provision, Pamphile submitted a signed, notarized, and sworn statement that included her "policy number, claim number, subsidiary information, [the] date and origin of loss, and information regarding any other insurance that covered [her] property." Doc. 11, Pl.'s Resp., 6. Besides waiting ninety-one days to file suit, Pamphile did all that the POL provision required of her; she substantially complied. *See* Doc. 9, App. to Def.'s Mot. to Dismiss, 12.

The Court's analysis and ultimate decision are consistent with several other cases that involved Allstate's POL provision, similar factual backgrounds, and identical legal issues. *See Rogers v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:17-CV-0455-M, 2017 WL 3215292 (N.D. Tex. July 28,

2017); *Wilson v. Allstate Ins. Co.*, No. 4:16-CV-970, 2017 WL 1313854 (E.D. Tex. Apr. 10, 2017); *Lopez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-CV-00103, 2017 WL 1294453 (E.D. Tex. Apr. 4, 2017); *Polen*, 2017 WL 661836.[4] The Court finds these cases persuasive.

## IV.

## CONCLUSION

For the reasons stated, the Court **DENIES** Defendant's Motion[5] to Dismiss. Doc. 8.

SO ORDERED.

SIGNED: October 4, 2017

---

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[4] The Court finds these cases more persuasive than *Morales v. Allstate Fire & Casualty Insurance Co.*, No. 5:16-CV-01067-DAE (W.D. Tex. Feb. 6, 2017). There, the court found that an insured's failure to abide by Allstate's ninety-one-day requirement warranted administratively closing the case until the insured could comply. *Id.* at * 7. This unreported decision fails to reference Texas's notice-prejudice rule, which dictates the outcome of this case.

[5] Allstate moved for dismissal under 12(b)(1) and 12(b)(6) on the same basis: because Pamphile did not wait ninety-one days after submitting her POL to file suit. Doc. 8, Def.'s Mot. to Dismiss, 1–2. Because the Court rejects Allstate's POL notice argument, the Court need not treat the subject-matter-jurisdiction analysis and the failure-to-state-a-claim analysis separately.